# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREEN VALLEY INVESTMENTS, LLC,

    Plaintiff,

v.                                                                                                                   Case No. 13-C-402

COUNTY OF WINNEBAGO,

    Defendant.

## DECISION AND ORDER

       Green Valley Investments, LLC owns an adult-themed business called Stars Cabaret, which presents nude dancing and serves alcohol, in violation of Winnebago County ordinances governing adult entertainment. Green Valley concedes that it has operated in violation of applicable ordinances since it opened in 2006. It argues, however, that the ordinance in effect when it opened was unconstitutional and should be deemed void. As such, Green Valley argues that it was in compliance with (non-void) county ordinances in 2006 and that it should therefore be considered a legal nonconforming use (i.e., "grandfathered") under the ordinance now in effect. (The ordinance has been amended several times since then.) For relief, it seeks a declaratory judgment that the zoning ordinance was facially unconstitutional and therefore void *ab initio*. Both parties have moved for summary judgment. For the reasons given below, the Plaintiff's motion will be denied and the Defendant's granted.

**I. Subject Matter Jurisdiction**

The first question is whether this court has subject matter jurisdiction over this action. Although the underlying question about the constitutionality of the ordinance is certainly a matter of federal constitutional law, in essence the real problem here is one of state law: the Plaintiff wants to be considered a nonconforming use under Wis. Stat. § 59.69(10)(a). And that is not all. One of the central constitutional questions posed is whether parts of the ordinance are severable, meaning that any unconstitutional parts may be stricken while the inoffensive parts are salvaged. That question is also one arising under state law. Thus, the parties, who are not diverse, are invoking federal jurisdiction to answer what are primarily state-law problems.

I am satisfied that federal question jurisdiction exists here. First, it is unclear from the complaint whether the Plaintiff is actually seeking a ruling from this court on the state law question of grandfathering or whether instead it merely seeks a declaration as to the federal constitutional question. Second, even though the ultimate problem is one of state law, the state-law issues necessarily require resolution of a substantial federal question, and all of these issues are components of the Plaintiff's own action (as opposed to a defense). Assuming other components of jurisdiction are present, federal courts maintain the authority to answer ripe federal questions even if the ultimate impact manifests itself in a state law context. The Supreme Court has "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 312 (2005). This is based on the "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Id.* "The question is, does a state-law claim necessarily

raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Here, the federal forum may entertain the necessarily-raised federal issue without implicating any balance of state and federal judicial responsibilities. Although the relief sought is partly a matter of state law, the claim for declaratory relief on the constitutional question is the centerpiece of the Plaintiff's action.[1]

**II. Standing**

The second jurisdictional issue, which the Plaintiff addresses, is one of standing. (The Defendant apparently concedes there is standing.) Here, Plaintiff recognizes that the circumstances of this action are unusual. In short, Plaintiff is asking for a ruling that a long-out-of-use county ordinance was unconstitutional. Normally that would be a completely academic exercise and well outside the bounds of a court's power, which extends only to actual cases and controversies. "Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Hinrichs v. Whitburn,* 975 F.2d 1329, 1333 (7th Cir. 1992).[2] Here, however, Plaintiff argues that the answer to the constitutionality question has real-world consequences for its licensing by the county. There are a number of steps in this argument. Plaintiff admits that it was not in compliance with the ordinance in effect in 2006, when its cabaret opened. But if that ordinance were found unconstitutional (Step 1), then the ordinance would also be deemed void and therefore inapplicable (Step 2). Thus, because there would have been no applicable

---

[1] Because I do not reach the state law zoning question, these considerations are less acute.

[2] Considerations of ripeness often overlap questions of standing and mootness.

3

ordinance in 2006, Stars Cabaret would have *not* have been in violation of any ordinances at the time it opened (Step 3). As such, Plaintiff argues that Stars should have been considered a "nonconforming use" and grandfathered into the regulatory regime that followed repeal of the 2006 ordinance (Step 4).

I am satisfied that the Plaintiff has standing to make a facial challenge to the zoning ordinance on the ground that the ordinance is an unconstitutional prior restraint of speech. To show standing, a plaintiff must demonstrate an injury in fact, which means impingement on a legally-recognized interest that is concrete and particularized, actual or imminent, not conjectural or hypothetical. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)). Here, the Plaintiff's ability to operate its cabaret in compliance with zoning regulations hinges on the constitutionality of the 2006 ordinance. Its injury by the allegedly unconstitutional ordinance is a personal one that could be remedied through the declaratory judgment it seeks. Without deciding the issue, it is reasonable to believe that an invalidation of the then-governing ordinance would have an impact on the Plaintiff's current ability to be deemed a valid nonconforming use.

Moreover, there is a threat of prosecution. Through counsel, Plaintiff asked the county to declare that it was a permissible nonconforming use, but the county refused to do so. (ECF. No. 1, Ex. B.) The county's corporation counsel also indicated that the county "would be forced to commence a compliance action against" Plaintiff if it did not comply with the new ordinances. (*Id.*) This constitutes a reasonable threat of prosecution. The "existence of a statute implies a threat to prosecute, so pre-enforcement challenges are proper, because a probability of future injury counts as 'injury' for the purpose of standing." *Bauer v. Shepard,* 620 F.3d 704, 708 (7th Cir. 2010). Given all of these factors, I conclude that the Plaintiff has demonstrated an injury in fact for the purposes

4

of its facial challenge to the ordinance's licensing scheme. *See 600 Marshall Entm't Concepts, LLC v. City of Memphis,* 705 F.3d 576, 585 (6th Cir. 2013) ("600 Marshall points out that if the Dance Hall Ordinance is found facially unconstitutional and void *ab initio*, the nude dancing at its facility before 1993 could not be considered unlawful. In that case, it would qualify for grandfathering . . . For these reasons, we conclude that 600 Marshall has standing.")

**III. The Ordinance is an Unconstitutional Prior Restraint, but is Subject to Severance**

Much of Plaintiff's initial argument speaks to the unconstitutionality of the ordinance due to its function as a prior restraint of speech. As noted above, if the Plaintiff can show the ordinance to be unconstitutional, then it believes it is entitled to be considered a nonconforming use and thus grandfathered into the present regulatory structure.

Judge Clevert ruled that the successor to the 2006 ordinance was, in fact, an unconstitutional prior restraint because it vested too much discretion in authorities and contained no time limits curbing the government approval process. *Green Valley Inv. v. County of Winnebago*, 790 F. Supp.2d 947, 959-60 (E.D. Wis. 2011). Here, the Defendant concedes, for present purposes, that the ordinance was an unconstitutional prior restraint. It argues, however, that the offending portions of the ordinance may be severed and that the Plaintiff was never in compliance with the portions of the ordinance that would have been valid at the time. As such, it is not entitled to be grandfathered.

**A. Severability**

As noted above, for present purposes Winnebago County has conceded that the conditional use permitting process is an unconstitutional prior restraint. Under that process, an Adult

5

Entertainment Overlay (AEO) District could be established, but it was subject to the "unbridled discretion" of government officials. 790 F. Supp. 2d at 959. In addition, officials had no time limit for making a decision, which further increased their discretionary power over speech. Judge Clevert thus found that those portions of the ordinance constituted an impermissible prior restraint on protected speech.

The county argues, however, that these unconstitutional portions of the ordinance may be severed while the unoffending portions of the ordinance remain in tact. Specifically, the county argues that the standards set forth in §17.13(6)(d)—particularly the alcohol prohibition and the setback requirements—can be applied independent of the AEO permitting process. Because Plaintiff's establishment violated both of those requirements, and because those requirements are valid regulations in their own right, the county argues that Plaintiff was never in compliance with applicable zoning ordinances.

"In determining legislative intent with respect to severability, the first resort is to the language of the statute." *Burlington N., Inc. v. City of Superior,* 131 Wis. 2d 564, 580, 388 N.W.2d 916, 923 (1986). Here, the ordinance contains a severability clause, indicating the Board's desire to keep the ordinance intact as much as possible even if parts are struck down. This is an important indicator of legislative intent. *Id.* ("This is particularly true when the statute at issue contains an express severability clause.") Plaintiff argues that severance does not make sense because the ordinance itself uses the AEO terminology throughout. Because Adult Entertainment Districts or Overlays are essentially embedded into the entire ordinance, the concept of AEOs cannot be severed because becoming permitted as an AEO is part-and-parcel of the regulatory system. In Plaintiff's

6

view, severing the AEO portions of the ordinance would mean that an applicant must seek to become an AEO without any procedure for doing so.

The county responds that although eliminating the AEO framework removes the permitting process, the remainder of the ordinance may be enforced with some relatively minor editing work. For example, in §17.13(6)(d)(3), the phrase "There shall be no sale of intoxicating beverages in the Adult Entertainment District" can be amended to read "There shall be no sale of intoxicating beverages in Adult Entertainment Establishments."[3] In fact, another of the ordinance's requirements needs no editing at all. Section 17.13(6)(d)(2) provides that "No adult use shall be permitted within 2000 feet of any land zoned residential or institutional . . ."

Using this last example, even if the entire remainder of the ordinance were severed, the ordinance would provide that adult uses are prohibited within 2000 feet of residential land. In §17.13(6)(d)(2), the term "adult uses" refers to uses such as adult bath houses, bookstores, cabarets, etc. Thus, even if all of the rest of the ordinance were stripped away, the ordinance would prohibit uses like adult cabarets within 2000 feet of residential land and within 1500 feet from any other adult establishment. There would be no conditional use permitting process at all. It is undisputed that Plaintiff's cabaret did not meet these setback requirements.

I am satisfied that these portions of the ordinance could logically apply even if the offending portions noted above were severed from the ordinance. As Judge Clevert noted, it was clear that the county had every intention to restrict the sale of alcohol on the premises of adult-themed businesses. 790 F. Supp. 2d at 964. Given the opportunity to consider a stand-alone restriction on

---

[3] The ordinance defines "Adult establishments," so presumably that would be a more apt term.

alcohol sales in adult establishments, the Board would clearly have chosen that route rather than have the entire ordinance be thrown out. It is equally clear that the county desired to maintain the setback requirements that prohibit adult establishments near residential areas, and Plaintiff does not seriously argue otherwise.[4] The ordinance has a clear severability clause, and the presumption is in favor of severability. "Whether an unconstitutional provision is severable from the remainder of the statute in which it appears is largely a question of legislative intent, but the presumption is in favor of severability." *Regan v. Time, Inc.,* 468 U.S. 641, 653 (1984).[5]

**IV. Definition of Cabaret**

Although its challenge to the prior restraint aspect of the ordinance is the centerpiece of its case, Plaintiff also argues that the ordinance's definition of adult cabaret is not narrowly tailored because it would apply to things like "go go dancers" or "male or female impersonators," for which there is no legitimate basis to regulate. The ordinance, it argues, could theoretically be applied to a showing of movies like *The Birdcage* or *Some Like it Hot*, which are staples of modern cinema having no demonstrable secondary effects on crime, prostitution, sexual assault, or the like.

---

[4] Plaintiff argues in a supplemental brief that courts lack the power to rewrite, as opposed to sever, offending statutes. Even if that is true, rewriting the ordinance is not required in order to find a constitutional remnant of the ordinance because its setback standards stand on their own without rewriting or further editing.

[5] Plaintiff argues the intent of the legislature was just the opposite because, when given the opportunity, it chose to keep the conditional use process in place when amending the ordinance in 2006 (despite Plaintiff's notice to the Board that it was unconstitutional). In other words, because the county opted to keep the offending parts of the ordinance, that means it would not have wanted the ordinance severed. But that looks at things backwards. The question is not whether the county wanted the conditional use process—clearly it *did*, since it passed it and defended it in a lawsuit. The question is whether the county, if given the choice between *no* ordinance and *some* ordinance, would have chosen "some."

8

Regardless of the merits of Plaintiff's argument, it has explicitly stated that it is litigating based on first-party standing, *i.e.*, standing based on its *own* injury. Specifically, it operates a cabaret in violation of Winnebago County's current and previous ordinances. Plaintiff has never asserted that its exotic dancers were go go dancers or that it wanted to show movies at its cabaret, however. Instead, it cited go go dancers merely as an example of how the ordinance was not narrowly tailored. In short, it has never been injured by the fact that the ordinance purports to regulate go go dancers or racy movies.

In the First Amendment context, courts have allowed parties *not* injured by regulations to litigate them on the theory that the rights of others not before the court might be chilled. *Massachusetts v. Oakes,* 491 U.S. 576, 582-83 (1989). For example, in *Lounge Management, Ltd. v Town of Trenton,* on which Plaintiff relies heavily, the state supreme court was addressing an overbreadth challenge, which is a form of third-party facial challenge. 219 Wis.2d 13, 580 N.W.2d 156 (Wis. 1998). In fact, in the Sixth Circuit a facial challenge on First Amendment grounds is automatically construed as an overbreadth challenge. *Speet v. Schuette,* 726 F.3d 867, 872 (6th Cir. 2013) ("Where a plaintiff makes a facial challenge under the First Amendment to a statute's constitutionality, the 'facial challenge' is an 'overbreadth challenge.'") (quoting *Connection Distrib. Co. v. Holder,* 557 F.3d 321, 335 (6th Cir. 2009) (en banc)).

Here, as noted above, Plaintiff is *not* making an overbreadth challenge (nor could it, for reasons given below). Instead, it is merely arguing that the ordinance is not narrowly tailored to serve a significant government interest because it sweeps too much protected activity within the definition of adult cabaret. But because its own conduct does not involve go go dancers or any of the other examples it cites, to assert such a claim the Plaintiff would need to invoke some kind of

9

third-party standing, such as the overbreadth doctrine, and it does not. *Richland Bookmart, Inc. v. Knox Cnty., Tenn.,* 555 F.3d 512, 531 (6th Cir. 2009) ("Plaintiffs also challenge the definition of 'adult motel' as not narrowly tailored. However, none of the Plaintiffs have standing to bring an as-applied challenge to this provision.")

Above, Plaintiff had standing to make a facial challenge to the conditional permitting process because that served as a prior restraint and thus injured the Plaintiff. But the fact that a plaintiff might have standing to challenge one aspect of a law does not mean he is thereby granted *carte blanche* to challenge parts of the law that do not injure him. *Blum v. Yaretsky,* 457 U.S. 991, 999 (1982)("[n]or does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject."). Here, Plaintiff has specifically stated that it is relying only on first-party standing, and it lacks such standing to challenge the definition of cabaret because it has not been injured by any overly expansive aspects of that definition.

Even if Plaintiff had standing, in order to make a facial challenge to an ordinance without resort to the overbreadth or vagueness doctrines, "the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno,* 481 U.S. 739, 745 (1987). Here, it is implicit in Plaintiff's argument that there are plenty of circumstances in which the ordinance *would* be applied in a perfectly valid fashion. That is, its argument is premised on the belief that although some applications of the ordinance might be problematic (regulating go go dancers), there is a veritable universe of adult-themed conduct that may properly be regulated. Because the ordinance could be constitutionally applied to an adult-themed business like Plaintiff's, it is not unconstitutional on its face. *See Ben's Bar v. Village of Somerset,* 316 F. 3d 702, 708 n. 11

10

(7th Cir. 2003)("Where a plaintiff brings a facial challenge that is not based on overbreadth or vagueness, it "may only prevail if it can demonstrate that no set of circumstances exists under which the [regulation] would be valid.") (citing *Salerno,* 481 U.S. at 745).[6]

Even if Plaintiff's "not narrowly tailored" argument were construed as an overbreadth argument (which is how the Defendant construes it), it would not succeed. Overbreadth challenges are not available when the offending statute has been repealed. "[T]he special concern that animates the overbreadth doctrine is no longer present after the amendment or repeal of the challenged statute, we need not extend the benefits of the doctrine to a defendant whose conduct is not protected." *Massachusetts v. Oakes,* 491 U.S. 576, 584 (1989). Moreover, such a challenge would fail because the large majority of the ordinance's applications are constitutional and well-within its "plainly legitimate sweep." *Wash. State Grange v. Wash. State Republican Party,* 552 U.S. 442, 449 n. 6 (2008). The clear intent of the ordinance is the regulation of nude dancing and other conduct that is legitimately subject to regulation. When potentially unconstitutional applications of an ordinance are minor in relation to the ordinance's legitimate applications, it is improper to find it

---

[6] Plaintiff cites a district court case, *MDK, Inc. v. Village of Grafton,* 345 F. Supp.2d 952, 960 (E.D. Wis. 2004). There, Judge Adelman concluded that a law that was not narrowly tailored was unconstitutional in every application and thus facially unconstitutional. This holding was based on a footnote in *Sec'y of State of Md. v. Munson,* 467 U.S. 947 n.13 (1984). There, the Supreme Court described an "overbreadth" challenge to "a statute that in all its applications directly restricts protected First Amendment activity and does not employ means narrowly tailored to serve a compelling governmental interest." *Id.* But that footnote does not mean all "not narrowly tailored" arguments are arguments for facial invalidity. As noted herein, an ordinance can be too-broadly drafted but still be constitutionally applied to *some* citizens. The "not narrowly tailored" argument is much easier to win than an overbreadth argument (although the two are often confused and/or conflated); to find a statute facially invalid because it is not narrowly tailored would presumably eliminate the need for the overbreadth doctrine entirely because a plaintiff could simply cite (as here) a few instances in which a statute might be too broad.

In sum, I conclude that even if the ordinance were indeed "not narrowly tailored," it would not be unconstitutional in all of its applications.

11

facially unconstitutional. *See, e.g., Schmitty's City Nightmare, LLC v. City of Fond du Lac,* 391 F. Supp. 2d 745, 755-57 (E. D. Wis. 2005); *Broadrick v. Oklahoma,* 413 U.S. 601, 615–616 (1973) ("we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep. It is our view that it is not substantially overbroad and that whatever overbreadth at may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied.")

**V. Conclusion**

For the reasons given above, I conclude that the potentially offending parts of the 2006 Winnebago County ordinance may be severed. What remains is a constitutionally permissible ordinance regulating alcohol sales and / or setback requirements. Moreover, Plaintiff lacks standing to make its argument that the ordinance is not narrowly tailored. As such, the Plaintiff is not entitled to the relief it seeks. The Plaintiff's motion for summary judgment is **DENIED**. The Defendant's motion for summary judgment is **GRANTED**. The Plaintiff's motion to file a supplemental brief is **GRANTED**.

**SO ORDERED** this 10th day of May, 2014.

                                                                                     s/ William C. Griesbach
                                                                                    William C. Griesbach, Chief Judge
                                                                                    United States District Court